UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KOSTELANETZ LLP,<br><br>               Plaintiff,<br><br>    -against-<br><br>JASSER THIARA,<br><br>              Defendant. | 26 Civ. 735<br><br>ECF CASE |

### COMPLAINT

Plaintiff, Kostelanetz LLP ("Kostelanetz"), by its undersigned counsel, for its Complaint against Defendant Jasser Thiara alleges as follows:

1. In December 2022, Defendant Jasser Thiara ("Thiara") engaged Kostelanetz to represent him in connection with a federal criminal investigation that was pending in the Eastern District of Virginia. Thiara executed an engagement agreement ("the Agreement") with the firm, a true and correct copy of which is attached as Exhibit A. Thiara breached the terms of the Agreement when he failed to pay for services rendered on his behalf under the Agreement. Kostelanetz files this complaint to recover the balance due and other damages to which it is entitled the Agreement.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the action concerns an amount in controversy exceeding $75,000 and the dispute is between the citizen of a state and citizen or subject of a foreign state domiciled in a separate state.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2). Defendant entered into the Agreement and accrued the debt under the Agreement to Kostelanetz, which is

based in this district, and consented to personal jurisdiction for collection purposes in New York, New York.

## PARTIES

4. Kostelanetz is a limited liability partnership organized and existing under the laws of the State of New York with principal places of business located at 7 World Trade Center, New York, NY 10007, and offices in Washington, DC, Atlanta, GA, and Hackensack, NJ. Kostelanetz is a law firm with an expertise in practice areas including civil and criminal tax controversy matters.

5. Thiara, a dual-citizen of the United Kingdom and Canada, was formerly a resident of the Commonwealth of Virginia, prior to serving a term of incarceration for tax obstruction (26 U.S.C. § 7212(a)). He is currently detained by the United States Immigration and Customs Enforcement ("ICE") at a detention facility in McElhatten, Pennsylvania.

## FACTS

6. On December 10, 2022, Thiara executed the Agreement pursuant to which Kostelanetz began representing him in connection with "potential tax violations that may be the focus of [a] federal grand jury investigation pending in the Eastern District of Virginia." *See* Exhibit A, ¶ 1.

7. Under the terms of the Agreement, Kostelanetz issued invoices reflecting services rendered, and Thiara was required to pay the balance due upon receipt.

8. Kostelanetz rendered services in connection with the pending grand jury investigation, including the negotiation of a plea agreement between Thiara and the United States and appearances before the U.S. District Court for the Eastern District of Virginia ("the Court").

9. In accordance with the plea agreement, on December 15, 2023, the United States filed a criminal Information in the Court charging Thiara with "corruptly endeavor[ing] to obstruct and impede the due administration of the internal revenue laws" in violation of 26 U.S.C. § 7212. *See* Information, Exhibit B. The plea agreement requires Thiara to pay $3.1 million of restitution to the Internal Revenue Service and $2.2 million to third party victims. *See* Press Release, Exhibit C.

10. Kostelanetz appeared with Thiara for his initial appearance and arraignment before the Court on December 15, 2023.

11. Kostelanetz attorneys and administrative professionals rendered more than 850 hours of services on Thiara's behalf between December 2, 2022, and January 31, 2024.

12. In December 2023, Thiara owed Kostelanetz approximately $200,000 for legal services. *See* Account Ledger, Exhibit D. That same month, he made his last payment to the firm of $15,000. *Id.*

13. In January 2024, Thiara advised Kostelanetz that he engaged additional counsel to assist in the criminal proceedings and that he wanted Kostelanetz to remain as counsel and continue rendering services on his behalf.

14. Notwithstanding this request, Thiara advised that he would not comply with the terms of the Agreement and instead, would send partial payments each month.

15. Kostelanetz advised Thiara that if he failed to comply with the terms of the Agreement, Kostelanetz would file a motion to withdraw with the Court. Thiara refused to comply with the Agreement, again notwithstanding the fact that he had the funds to comply with the Agreement, and engaged additional counsel.

16. On January 26, 2024, Kostelanetz filed a Consent Motion to Withdraw ("the Motion") with the Court. The Court granted the Motion on February 1, 2024.

17. Thiara had the financial means to pay the amounts due under the Agreement.

18. In January 2023, Thiara advised Kostelanetz that he formed and maintains control over a trust that holds approximately $6,000,000, and that he can receive distributions from the trust upon request.

19. In addition, Thiara owns a real property (the "Property"), his former home, in Virginia through a Virginia limited liability company, 1105 Waverly Way LLC (the "LLC"). On information and belief, Thiara is the sole member of the LLC.

   a. On information and belief, the LLC's only asset was the Property, and it did not conduct any business other than holding the Property.

   b. Thiara resided in the Property until he was incarcerated. On information and belief, he did not pay rent to the LLC or otherwise engage in business with the LLC.

   c. Accordingly, the LLC was the alter ego of Thiara.

20. Kostelanetz repeatedly demanded that Thiara pay the balance he owes under and in accordance with the terms of the Agreement. Thiara did not dispute the amount billed or that it was rightfully due under the terms of the Agreement.

21. In fact, in May 2024, Thiara stated to a Kostelanetz partner that: "As I have assured you in the past, I fully intend on paying my balance after my sentencing."

22. Despite Thiara's assurances that he would pay the balance due, ignoring the clear breach of the terms of the Agreement, he never did pay the balance due.

23. As a result of his plea, Thiara was incarcerated until October 17, 2025, when he was released by the Bureau of Prisons.

24. He is presently in the custody of ICE and detained at the Clinton County Correctional Facility in McElhatten, Pennsylvania.

25. As of January 28, 2026, Thiara owes Kostelanetz $223,420.51, not including any interest or costs. *See* Account Ledger, Exhibit D.

26. Thiara's failure to comply with the terms of the Agreement and refusal to pay the balance due in full as required constitutes a breach of the Agreement, theft of services, and unjust enrichment.

27. On information and belief, Thiara has sufficient assets to pay the debt he owes to Kostelanetz in whole or in part.

## FIRST CLAIM FOR RELIEF

### Breach of Contract

28. Kostelanetz repeats and realleges the allegations set forth in Paragraphs 1 through 27 with the same force and effect as if fully set forth herein.

29. The Agreement constitutes a legally binding and enforceable contract pursuant to which Thiara agreed to be bound by the payment obligations described above.

30. Kostelanetz fully performed its obligations under the Agreement and discharged all conditions precedent to its recovery thereunder. Notwithstanding the foregoing, and despite due demand, Thiara failed and refused to fulfill his contractual obligations by failing to pay Kostelanetz the balance due, which totals $223,420.51 in fees and disbursements.

31. The foregoing constitutes a breach of contract for which Kostelanetz is entitled to judgment against Thiara in the sum of $223,420.51, plus interest thereon as provided by law.

## SECOND CLAIM FOR RELIEF

### Action for Account Stated

32. Kostelanetz repeats and realleges the allegations set forth in Paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

33. From January 2023 through January 2024, in accordance with the Agreement, Kostelanetz issue periodic invoices to Thiara reflecting the services performed by Kostelanetz on his behalf and fees and expenses incurred. The invoices issued are a true and accurate reflection of the services performed for and on behalf of Thiara.

34. Thiara owes Kostelanetz $223,420.51.

35. The foregoing constitutes an account stated for which Kostelanetz is entitled to judgment against Thiara in the sum of $223,420.51, plus interest thereon as provided by law.

## THIRD CLAIM FOR RELIEF

### Unjust Enrichment

36. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 35 with the same force and effect as if fully set forth herein.

37. From December 2022 through January 2024, Kostelanetz rendered legal services to Thiara at his request and pursuant to the terms of the Agreement.

38. Thiara accepted the services rendered by Kostelanetz pursuant to the terms of the Agreement, including his obligation to pay all fees and expenses billed.

39. Kostelanetz rendered services to Thiara, the reasonable value of which exceeded $572,082.39. A balance of $223,420.51 remains unpaid.

40. The services rendered by Kostelanetz for and on behalf of Thiara conferred a benefit upon Thiara. By reason of Thiara's failure to fulfill the obligations described above, Thiara has been unjustly enriched at the expense of Kostelanetz.

41. The foregoing constitutes unjust enrichment for which Kostelanetz is entitled to judgment against Thiara in the sum of $223,420.51, plus interest thereon as provided by law.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that the Court grant the following relief:

A. On the First Cause of Action, for breach of contract, Judgment against Thiara in the sum of $223,420.51, plus interest as provided by law;

B. On the Second Cause of Action, for account stated, Judgment against Thiara in the sum of $223,420.51, plus interest as provided by law;

C. On the Third Cause of Action, for unjust enrichment, Judgment against Thiara in the sum of $223,420.51, plus interest as provided by law; and

D. On all causes of action, and in accordance with the terms of the Agreement, awarding Kostelanetz the costs and fees associated with the prosecution of this action, including reasonable attorney's fees,

E. Grant other such relief as this Court may deem equitable, just, and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands that this case be tried to a jury.

Dated: January 28, 2026

Respectfully submitted,

**KOSTELANETZ LLP**

  */s/ Victor Suthammanont*
Victor Suthammanont
7 World Trade Center
34th Floor
New York, NY 10007
(212) 808-8100
Email: vsuthammanont@kostelanetz.com

*Attorney for Plaintiff*